lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COLONY NATIONAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MIDHAT E. OMER, )<br>FIRST CLASS AUTO SHOP, LLC, )<br>HANI ALBADRI, )<br>RACHEL ADAMS, )<br>CHASIDY MCKINZIE, )<br>JILLISA DUEY, )<br>AMERICAN STANDARD )<br>INSURANCE COMPANY OF )<br>WISCONSIN, and )<br>ROBERT L. HERRELL, JR., )<br>)<br>Defendants. )<br>) | Case No. 07-2123-JAR |

## MEMORANDUM AND ORDER

Plaintiff Colony Insurance Company seeks a declaration that the policy of liability insurance issued by it to First Class Auto affords no coverage of an automobile accident. This matter is before the Court on Colony Insurance Company's Motion for Summary Judgment (Doc. 21). Defendants Midhat E. Omer, First Class Auto Shop, LLC, Hani Albadri, Chasidy McKinzie and Jillesa Duey are in default. Defendant Robert Herrell, Jr. could not be served with process, and Colony Insurance Company requests that he be dismissed. Defendants Rachel Adams and American Standard Insurance Company have entered an appearance, but have not responded to the Motion for Summary Judgment. For the reasons explained in detail below, Colony Insurance Company's motion is granted.

## I.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."[1] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[2] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[3] An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[4]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[5] Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[6] The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[7] Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[8]

---

[1] Fed. R. Civ. P. 56(c).

[2] *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002).

[3] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998)).

[4] *Adler,* 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

[5] *Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[6] *Anderson*, 477 U.S. at 256; *Celotex,* 477 U.S. at 324; *Spaulding,* 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

[7] *Anderson,* 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.,* 256 F.3d 1013, 1017 (10th Cir. 2001).

[8] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671).

To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[9] Rule 56(e) provides that opposing affidavits must be made on personal knowledge and shall set forth such facts as would be admissible in evidence.[10] The non-moving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation.[11]

Finally, summary judgment is not a "disfavored procedural shortcut"; on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[12] In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[13]

This standard is somewhat modified in an unopposed motion for summary judgment. "It is improper to grant a motion for summary judgment simply because it is unopposed."[14] This will be the case where the movant fails to make out a prima facie case for summary judgment.[15] It is the role of the court to ascertain whether the moving party has sufficient basis for judgment

---

[9]*Adams v. Am. Guar. and Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000).

[10]Fed. R. Civ. P. 56(e).

[11]*Id.*; *Argo v. Blue Cross and Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (citation omitted).

[12]*Celotex,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[13]*Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

[14]*Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006)(quoting *E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

[15]*Id*. (citations omitted).

as a matter of law.[16] In so doing, the court must be certain that no undisclosed factual dispute would undermine the uncontroverted facts.[17]

The summary judgment standard must also be read in conjunction with D. Kan. Rule 7.4, which instructs that a "failure to file a brief or response within the time specified . . . shall constitute a waiver of the right thereafter to file such brief or response. . . . "[18] Further, if a "respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion and ordinarily will be granted without further notice."[19]

## II.   Statement of Uncontroverted Facts

Midhat Omer was the operator of a 2000 Acura that was involved in an accident on November 14, 2004. The car was owned by Omer but he did not buy it through First Class Auto; instead, he bought it through Auto One. The accident did not occur while the car was being used as part of First Class Auto's operations, but instead occurred while Omer was on his way home from a night of partying and drinking with his girlfriend.

At the time of the accident, Rachel Adams, Chasidy McKinzie and Jillisa Duey were passengers in Omer's Acura. Adams sued Omer and "First Class Auto Shop" in the Circuit Court of Jackson County, Missouri, alleging that First Class Auto owned the Acura and negligently entrusted it to Omer.

American Standard Insurance Company is the uninsured motorist insurer for Duey, has

---

[16]*Id*. (citing *Lady Baltimore Foods*, 643 F. Supp. At 407).

[17]*Id*.

[18]D. Kan. Rule 7.4.

[19]*Id*.

made payments to her for injuries received in the accident, and has sued Omer in the District Court of Johnson County, Kansas to recover the payments.

Colony Insurance Company issued an insurance policy to First Class Auto. The only vehicles covered by the policy are vehicles owned by First Class Auto, or vehicles not owned by First Class Auto only if the vehicle is being used in First Class Auto's garage business. The policy provides coverage only for "garage operations."

The policy states, in relevant part:

**ITEM TWO-SCHEDULE OF COVERAGES AND COVERED AUTOS**

LIABILITY    22, 29          Each "Accident"  "Garage Operations"

                             "Auto" Only           Other Than "Auto" Only
                             $100,000              $100,000

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description of Covered Auto Designation Symbols**

**Symbol**      **Description of Covered Auto Designation Symbols**
**\*\*\***
**22**          Owned
                "Autos" Only

                Only those "autos" you own (and for Liability Coverage any "trailers"
                 you don't own while attached to power units you own). This includes
                those "autos" you acquire ownership of after the policy begins.

**\*\*\***
**29**          Non-Owned "Autos"
                Used In Your Garage Business

                Any "auto" you do not own, lease, hire, rent or borrow used in connection
                with your garage business described in the Declarations. This includes
                "autos" owned by your "employees" or partners (if you are a partnership),

>members (if you are a limited liability company), or members of their
>households while used in your garage business.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

**"GARAGE OPERATIONS" – COVERED "AUTOS"**

We will pay all sums an "insured" legally must pay as damages
because of "bodily injury" . . .to which this insurance applies, caused
by an "accident" and resulting from "garage operations" involving the
ownership, maintenance or use of covered "autos".

**SECTION VI – DEFINITIONS**

"Garage operations" means the ownership, maintenance or use of locations for
garage business and that portion of the road or other accesses that adjoin these
locations. "Garage" operations includes the ownership, maintenance or use of the
"autos" indicated in SECTION I OF THIS Coverage Form as covered "autos".
"Garage operations" also include all operations necessary or incidental to a garage
business.

**III.    Analysis**

The uncontroverted record demonstrates that Colony Insurance Company is entitled to the determination, as a matter of law, that its policy of insurance affords no coverage for the accident of November 14, 2004.  Simply put, the policy of insurance affords coverage to vehicles that are not owned by its named insured, First Class Auto, only if those vehicles are being used in First Class Auto's garage operations.  It is undisputed that the Acura was not owned by First Class Auto, but instead was owned by Midhat Omer and, that First Class Auto had nothing to do with Omer's purchase of the vehicle.  It is also undisputed that at the time of the accident, the vehicle was not being used for garage operations of First Class Auto, but was instead being driven by its owner after a night of partying and drinking.  Accordingly, the accident is not covered by the policy of insurance and summary judgment is granted in favor

of Colony Insurance Company.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff Colony Insurance Company's Motion for Summary Judgment (Doc. 21) is GRANTED. The policy of insurance issued by Colony Insurance Company affords no coverage for the automobile accident of November 14, 2004, involving Omer as the driver of the 2000 Acura.

**IT IS FURTHER ORDERED** that defendant Robert L. Herrell, Jr., is dismissed from this action, without prejudice.

IT IS SO ORDERED.

Dated this 2nd day of June 2008.

                                            S/ Julie A. Robinson
                                            Julie A. Robinson
                                            United States District Judge